UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JANE DOE,<br><br>            Plaintiff,<br><br>v.<br><br>SOLEBURY SCHOOL<br>&<br>JOHN WARD REGAN<br>&<br>JOHN & JANE SMITH 1-20 (FICTIOUS PERSONS AND/OR ENTITIES)<br><br>            Defendants. | Case Action No. |

## NOTICE OF REMOVAL

Defendant Solebury School ("Defendant"), by and through its undersigned attorneys, hereby files this Notice of Removal pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1446 *et seq*. The grounds for removal are as follows:

1.      Plaintiff commenced the Action in the Supreme Court of the State of New York, County of New York, Index No. 951208/2021, by filing a Summons and Complaint (the "Complaint"). A copy of the Complaint is annexed as **Exhibit A**.

2.      Under 28 U.S.C. § 1332, the district courts have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states. *See* 28 U.S.C. § 1332(a)(1).

3.      Pursuant to 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the

defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending." *See* 28 U.S.C. § 1441(a).

4. However, "[a] civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) [(*i.e.*, diversity jurisdiction)] … may not be removed if any of the parties in interest properly joined ***and served*** *as defendants* is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2) (emphasis added).

5. This limitation, commonly referred to as "the forum defendant rule," is inapplicable to matters in which the defendant(s) have not been "properly joined and served" in the state court action. *See* 28 U.S.C. § 1441(b)(2); *Gibbons v. Bristol-Myers Squibb Co.*, 919 F.3d 699, 705 (2d. Cir. 2019) (holding that section 1441(b)(2), which bars removal from state court, is inapplicable until after the home-state defendant is served in accordance with state law); *C.Q. v. Estate of Rockefeller*, No. 20-CV-2205 (VSB), 2020 WL 5658702, *2 (S.D.N.Y. September 23, 2020) (affirming removal under 28 U.S.C. § 1441(b)(2)).

6. Plaintiff admits that "Jane Doe" is a citizen of Massachusetts. *See* Exhibit "A" at ¶ 1.

7. Defendant is a citizen of Pennsylvania, with its principal place of business in New Hope, Pennsylvania.

8. Defendant has no basis to contradict Plaintiff's allegations that its co-defendant John Ward Regan is a citizen of New York, currently residing in Kings County, and residing at all relevant times in New York County, but asserts that co-defendant has neither been properly joined **nor served** with the Complaint. In fact, *none of the defendants have been served with the Complaint yet*. A copy of the docket from the state court proceedings in this matter as of the time

of the filing of this Notice, which does not, show service of process on any of the defendants, is attached as **Exhibit B**. *See also*, Exhibit "A" at ¶ 3.

9. In addition, upon information and belief, the matter in controversy exceeds the sum or value of $75,000. Plaintiff seeks damages for purported "physical injury, pain and suffering, serious and sever [sic] psychological and emotional distress, mental anguish, embarrassment, and humiliation." *See* Exhibit "A" at ¶ 111. Plaintiff also seeks an award of punitive damages. *See* Exhibit "A" at ¶ 112.

10. Since this Action involves a matter in controversy that exceeds the sum of $75,000 and is between citizens of at least two different states – Massachusetts and New York – the Action is properly removed to this Court pursuant to 28 U.S.C. § 1332(a)(1).

11. Furthermore, this Notice of Removal is timely under 28 U.S.C. § 1446(b) because Defendant filed it within thirty (30) days of the filing of the Complaint on August 11, 2021. *See* 28 U.S.C. § 1446(b).

12. A true and accurate copy of this Notice will be promptly filed with the Supreme Court of the State of New York, New York County pursuant to 28 U.S.C. § 1446(d).

13. Written notice of the filing of this Notice will be promptly served on Plaintiff pursuant to 28 U.S.C. § 1446(d).

14. By removing this Action from the Supreme Court for the State of New York, County of New York, Defendant neither waives any defenses available to it nor admits any of the allegations in the Complaint.

WHEREFORE, pursuant to 28 U.S.C. §§ 1332 and 1441, Defendant respectfully requests removal of this Action from the Supreme Court of the State of New York, County of New York, to the United States District Court for the Southern District of New York.

Date:   New York, New York
       August 12, 2021

                                            */s/   Ryan M. Jerome*
                                            Ryan M. Jerome
                                            SAUL EWING ARNSTEIN & LEHR LLP
                                            1270 Avenue of the Americas, Suite 2005
                                            New York, New York 10020
                                            (212) 980-7200
                                            ryan.jerome@saul.com
                                            *Attorneys for Defendant Solebury School*

- 5 -

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing Notice of Removal was filed with the Clerk on this date and sent to all counsel via CM/ECF and E-Mail as follows:

Jeffrey P. Fritz, Esq.
SOLOFF & ZERVANOS, P.C.
200 Park Ave., Suite 1700
New York, NY 10166
jfritz@lawsz.com
*Attorneys for Plaintiff*


This the 12th day of August, 2021.

                                          */s/   Ryan M. Jerome*
                                          Ryan M. Jerome