# EXHIBIT A

Case 1:21-cv-06792-LLS   Document 34-3   Filed 01/28/22   Page 2 of 27

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NEW YORK**

JANE DOE

    Plaintiff,

    v.

**SOLEBURY SCHOOL**
**&**
**JOHN WARD REGAN**
**&**
**JOHN & JANE SMITH 1-20 (FICTIOUS PERSONS**
**AND/OR ENTITIES)**

    Defendants

**Index No.:**

**SUMMONS**

**TO THE ABOVE-NAMED DEFENDANTS:**

    YOU ARE HEREBY SUMMONED and required to serve upon plaintiffs' attorneys a verified answer to the verified complaint in this action within twenty days after the service of this summons, exclusive of the day of service, or within thirty days after service is complete if this summons is not personally delivered to you within the State of New York.  In case of your failure to answer, judgment will be taken against you by default for the relief demanded in the complaint.

    Trial is desired in the County of New York.  The basis of venue designated above is that the Defendants maintain their principal office in this County and a substantial part of the events or omissions giving rise to the claim occurred in this County.

    **DEFENDANTS' ADDRESSES:**

**SOLEBURY SCHOOL,** 6832 Phillips Mill Road, New Hope, Pennsylvania 18938; and

**JOHN WARD REGAN,** 751 Saint Marks Ave, Apt C19, Brooklyn, NY 11216.

1

Case 1:21-cv-06792-LLS   Document 34-3   Filed 01/28/22   Page 3 of 27

**SOLOFF & ZERVANOS, P.C.**

JEFFREY P. FRITZ, ESQUIRE
jfritz@lawsz.com
Attorneys for Plaintiff, JANE DOE
200 Park Ave., Suite 1700
New York, NY 10166
Phone: 212-804-8125

DATE:  August 11, 2021

2

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NEW YORK**

| | |
|---|---|
| **JANE DOE** | |
| Plaintiff, | **Index No.:** |
| v. | |
| **SOLEBURY SCHOOL**<br>**&**<br>**JOHN WARD REGAN**<br>**&**<br>**JOHN & JANE SMITH 1-20 (FICTIOUS PERSONS**<br>**AND/OR ENTITIES)** | **VERIFIED COMPLAINT**<br>**JURY TRIAL DEMANDED** |
| Defendants | |

Plaintiff, by her attorneys, SOLOFF & ZERVANOS, P.C. as and for her verified

complaint alleges as follows upon information and belief:

### PARTIES, JURISDICTION & VENUE

1. Plaintiff JANE DOE is an adult individual whose identity and address are no

disclosed herein due to her desire to keep confidential her identity and address because

she was a victim of nonconsensual sexual contact while she was less than eighteen (18)

years old at the time of criminal sexual assaults and sexual abuse, as outlined herein.

Plaintiff maybe contacted by and through her counsel identified herein.  Plaintiff is a

resident of Massachusetts.

2. Defendant SOLEBURY SCHOOL is a private entity and educational institution which maintains its offices and principal place of business at 6832 Phillips Mill Road, New Hope, Pennsylvania 18938.

3. Defendant JOHN WARD REGAN (hereinafter "REGAN") is an adult individual who currently resides at 751 Saint Marks Ave, Apt C19, Brooklyn, NY 11216. Defendant REGAN, at all relevant times, was and is a resident of the state of New York residing in New York County.

4. Defendant SOLEBURY SCHOOL has sufficient business contacts within New York and this claim arises out of its business contacts within New York.

5. Defendant SOLEBURY SCHOOL employed Defendant REGAN as a teacher from 1989 to 1991.

6. Defendant REGAN also head the position of "dormitory parent" at SOLEBURY SCHOOL, which is a faculty member who resides at the student dormitory and is primarily responsible for monitoring the rules of behavior and conduct inside the dormitory.

7. At all times herein mentioned, defendant REGAN was employed by, had privileges at and/or otherwise an agent of defendant SOLEBURY SCHOOL under its supervision and control.

8. Defendants JOHN & JANE SMITH 1-20 are fictitious entities and/or persons which/who employed, supervised and/or oversaw defendant REGAN at SOLEBURY SCHOOL and/or which operated the educational facilities described above. Such defendant or defendants are fictitious entities or persons whose names are not presently

known or identifiable to plaintiff. These defendants are the owners, managers, administrators, employers, supervisors and/or persons who hired, employed, or supervised defendant REGAN.

9.      Plaintiff brings this action as the victim of sexual assaults, sexual conduct, and sexual harassment due to the failures and egregious conduct of defendant SOLEBURY SCHOOL which permitted and enabled defendant REGAN to significantly harm her as described more particularly below.

10.     Plaintiff brings this case pursuant to New York's Child Victims Act ("CVA") (CPLR § 214-g and 22 NVCRR 202.72) within the two (2) year "retroactive revival window" which removes the previously applicable statute of limitations as the victim of sexual assaults, sexual misconduct and sexual harassment due to the failures and egregious conduct of Defendant SOLEBURY SCHOOL which permitted and enabled Defendant REGAN to groom and ultimately significantly harm her as described more particularly below.

11.     Pursuant to the CVA, CPLR § 214-g, a claim may be brought against any party for injuries resulting from conduct which "would constitute a sexual offense as defined in article one hundred thirty of the penal law committed against a child less than eighteen years of age."

12.     Further, pursuant to the CVA, Defendants are liable for the intentional and negligent acts and omissions which contributed to Plaintiff being a victim of child sexual abuse and resulted in serious psychological and emotional harm suffered by her.  The

intentional and negligent acts and omissions took place at various locations resulting in foreseeable harm to Plaintiff.

13.    As defined by the CVA, Plaintiff was less than eighteen (18) years old at the times of the criminal sexual assaults and sexual abuse alleged herein.

14.    This Court has personal jurisdiction over Defendant REGAN pursuant to CPLR § 301.

15.    This Court has personal jurisdiction over Defendant SOLEBURY SCHOOL pursuant to CPLR § 302, in that this Defendant:

  a.  transacts business within the State of New York, as defined by CPLR § 302(1);

  b.  committed tortious acts within the State of New York, as defined by CPLR § 302(2); and/or

  c.  alternatively committed tortious acts outside of New York causing injury to Plaintiff within New York and regularly does or solicits business in New York or expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce, as defined by CPLR § 302(3).

16.    This Court further has jurisdiction over this action because the amount of damages Plaintiff seeks exceed the jurisdictional limits of all lower courts that would otherwise have jurisdiction.

17.    The causes of action in this matter arise from personal injuries sustained as a result of foreseeable harms at the home of Defendant REGAN at 140 W. 69th St., Apt. 61A, New York, NY 10023, on the premises of Defendant SOLEBURY SCHOOL at 6832 Phillips Mill Road, New Hope, Pennsylvania 18938 and elsewhere.

Case 1:21-cv-06792-LLS   Document 34-3   Filed 01/28/22   Page 8 of 27

18.     Venue for this action is proper in the County of New York pursuant to CPLR §

503, in that one or more Defendants reside in this County, and a substantial part of the

events or omissions giving rise to the claim occurred in this County.

**NO APPORTIONMENT OF LIABILITY PURSUANT TO CPLR § 1603**

19.     Pursuant to CPLR 1603, the foregoing causes of action are exempt from the

operation of CPLR 1601 by reason of one or more of the exemptions provided in CPLR

1602, including but not limited to, CPLR 1602(2), CPLR 1602(5), 1602(7) and 1602(11),

thus precluding Defendants from limiting their liability by apportioning some portion of

liability to any joint tortfeasor.

**FACTS**

20.     Defendant SOLEBURY SCHOOL owed a duty to protect its students, including

Plaintiff, by virtue of the special relationship that existed between them as SOLEBURY

SCHOOL stood *in loco parentis* to these students as it operated a boarding school and

was directly responsible for the education and safety of its students. Defendant

SOLEBURY SCHOOL also owed a duty based upon is voluntarily assumed duties.

21.     A 2015 investigation by the Bucks County, PA Investigating Grand Jury found

that the "unstructured informality of Solebury School created an environment where no

boundaries existed between students and teachers" and that administrators "did not

supervise or monitor the faculty", "provided no intervention, no investigation, and no

oversight" of faculty who committed and perpetuated abuse. This environment "paved

the way for abuse of students… Solebury School betrayed the trust of those students who

were sexually abused… and compounded this abuse by failing to contemporaneously report the abuses to law enforcement."[1]

22.     Defendant SOLEBURY SCHOOL committed tortious acts through the negligent, reckless, willful, and wanton failure to protect its students, including plaintiff, from the known sexually assaultive and/or harassing conduct of defendant REGAN. Defendant SOLEBURY SCHOOL also committed tortious acts through the negligent, reckless, willful, and wanton training, supervision, and retention of defendant REGAN. Defendant SOLEBURY SCHOOL's tortious acts with regard to defendant REGAN directly caused injury to plaintiff JANE DOE within the State of New York and elsewhere.

23.     Plaintiff JANE DOE began attending Solebury School during the 1989-1990 school year as a sophomore at the age of fourteen (14). Defendant REGAN was Plaintiff's sophomore English teacher. REGAN would flirt with Plaintiff during his class.

24.     In 1990 at the Solebury School Prom on a boat, "Spirit of Philadelphia", on the Delaware River which sailed from 401 S Christopher Columbus Blvd, Philadelphia, PA 19106, Defendant REGAN groped Plaintiff's (15) buttocks.  Defendant REGAN's conduct constitutes*, inter alia:* forcible touching as defined by New York Penal Code § 130.52 and/or sexual abuse in the third degree as defined by by New York Penal Code § 130.55.

25.     During the summer of 1990, when Plaintiff was fifteen (15) years old, REGAN's abuse of Plaintiff progressed. Plaintiff visited Defendant REGAN in New York, New York where he resided.  There, Defendant REGAN kissed Plaintiff, touched her breasts,

---

[1] Bucks County Investigating Grand Jury Report of March 6, 2015, No. 3280-2014, at pp. 2-4.

and engaged in oral sex with Plaintiff. Defendant REGAN's conduct constitutes, *inter alia*: sexual misconduct as defined by New York Penal Code § 130.20; criminal sexual act in the third degree as defined by New York Penal Code § 130.40(2); forcible touching as defined by New York Penal Code § 130.52; and/or sexual abuse in the third degree as defined by by New York Penal Code § 130.55.

26.     During Plaintiff's junior year at Solebury School, REGAN's sexual abuse of Plaintiff continued. REGAN engaged in sexual conduct with Plaintiff on SOLEBURY SCHOOL's campus during and after school hours. Nearly every day before being picked up from school by her mother, REGAN brought Plaintiff to his on-campus apartment and engaged in sexual conduct with her, including kissing and fondling. Defendant REGAN's conduct constitutes, *inter alia*: sexual misconduct as defined by New York Penal Code § 130.20; criminal sexual act in the third degree as defined by New York Penal Code § 130.40(2); forcible touching as defined by New York Penal Code § 130.52; and/or sexual abuse in the third degree as defined by by New York Penal Code § 130.55.

27.     During the winter of 1990, Plaintiff again visited REGAN in New York, New York, where REGAN had sexual intercourse with Plaintiff (16). REGAN told Plaintiff that she "could never tell anyone." Defendant REGAN's conduct constitutes, *inter alia*: sexual misconduct as defined by New York Penal Code § 130.20 and/or rape in the third degree as defined by New York Penal Code § 130.25.

28.     During this time, REGAN visited and called Plaintiff at her home in New Jersey where she resided with her parents.

29.    During the Spring 1991 semester of Plaintiff's sophomore year at Solebury

School, REGAN continued to engage in sexual conduct with Plaintiff (16) on

SOLEBURY SCHOOL's campus. Defendant REGAN's conduct constitutes, *inter alia*:

sexual misconduct as defined by New York Penal Code § 130.20; rape in the third degree

as defined by New York Penal Code § 130.25; criminal sexual act in the third degree as

defined by New York Penal Code § 130.40(2); forcible touching as defined by New York

Penal Code § 130.52; and/or sexual abuse in the third degree as defined by by New York

Penal Code § 130.55.

30.    Plaintiff's mother began to suspect a sexual relationship between Plaintiff and

REGAN and brought this concern to the attention of SOLEBURY SCHOOL Headmaster

John Brown. John Brown did not report this to police, nor did he initiate an investigation

into the reported abuse, although he had the obligation to do so as a mandatory reporter.

31.    In the summer of 1991, REGAN picked Plaintiff (16) up from her job at a

stationary store in New Jersey and drove her to his apartment on SOLEBURY

SCHOOL's campus. Defendant REGAN's conduct constitutes, *inter alia*: sexual

misconduct as defined by New York Penal Code § 130.20; rape in the third degree as

defined by New York Penal Code § 130.25; criminal sexual act in the third degree as

defined by New York Penal Code § 130.40(2); forcible touching as defined by New York

Penal Code § 130.52; and/or sexual abuse in the third degree as defined by by New York

Penal Code § 130.55. Assistant Headmaster Geoffrey Tilden witnessed REGAN and

Plaintiff going to REGAN's apartment, where further sexual conduct occurred, but did

not report the incident to law enforcement or child welfare authorities.

32. In the fall of 1991, when Plaintiff was seventeen (17) years old, she attended classes at New York University while still a student of SOLEBURY SCHOOL. REGAN continued to engage in sexual conduct with Plaintiff at his mother's home in Long Island, New York.

33. Plaintiff did not and could not expressly or impliedly acquiesce in the Defendant REGAN's sexual touching.

34. Defendant REGAN acted through forcible compulsion as defined by N.Y. Penal Code § 130.00(8) considering: his position of power and authority over the Plaintiff as a teacher; the young age of Plaintiff (17) as compared with the Defendant; the relative size and strength of the Defendant compared with the Plaintiff; the nature of the Defendant's relationship to the Plaintiff and the Plaintiff's isolation with Defendant at the time of the offenses. Because Defendant REGAN committed sexual offenses as defined in article one hundred thirty of the penal law against Plaintiff, a child less than eighteen years of age, this action falls within the revival statute contained within the CVA.

35. In the spring of 1992, Plaintiff began experiencing severe mental and emotional distress, developed an eating disorder, and was unable to complete her second semester at New York University. Despite this, SOLEBURY SCHOOL permitted Plaintiff to graduate.

36. REGAN continued to engage with sexual conduct with Plaintiff on and off for years following her graduation after having groomed and assaulted her as a person under 18 years old.

37.     In 1993, following Plaintiff's graduation, Plaintiff and her mother attended a meeting with SOLEBURY SCHOOL Headmaster John Brown during which Plaintiff disclosed the sexual abuse committed upon her by REGAN. In response, Brown offered Plaintiff's mother a position on the SOLEBURY SCHOOL Board of Directors, but once again did not report to law enforcement or initiate an investigation into the allegations of sexual abuse of a minor by a teacher.

**AND AS FOR A FIRST CAUSE OF ACTION
FOR NEGLIGENCE, RECKLESSNESS AND WILLFUL & WANTON CONDUCT
PLAINTIFF v. SOLEBURY SCHOOL**

38.     Plaintiff incorporates by reference the above and below allegations of this Complaint as though fully set forth herein.

39.     Defendant SOLEBURY SCHOOL was and is under a legal duty to exercise reasonable care and diligence in safeguarding its students from harm inflicted by third persons. Defendant SOLEBURY SCHOOL had a duty to take reasonable steps to ensure that Defendant REGAN did not sexually assault Plaintiff.

40.     Defendant SOLEBURY SCHOOL's negligent, reckless, and/or willful and wanton conduct, described throughout this Complaint, enabled Defendant REGAN to sexually assault, assault, and/or sexually harass Plaintiff on its premises.

41.     Defendant SOLEBURY SCHOOL knew or should have known that Defendant REGAN committed sexually assaultive and/or harassing conduct.

42.     Further, Defendant SOLEBURY SCHOOL created an environment which permitted the sexual harassment and assault committed by Defendant REGAN by failing to supervise or monitor its faculty, and by failing to intervene or investigate acts of sexual

abuse perpetrated upon minor students by teachers, and by failing to contemporaneously report the abuses to law enforcement.

43. Defendant SOLEBURY SCHOOL did not have policies or procedures in place to protect students from being sexually assault and/or sexually harassed by Defendant REGAN and/or inadequate policies in place to protect against such assaults.

44. Defendant SOLEBURY SCHOOL failed to report REGAN's misconduct to law enforcement.

45. Defendant SOLEBURY SCHOOL was negligent, reckless and/or willful and wanton including, but not limited to, the following:

    a.   Violating mandatory reporting laws in existence;

    b.   Negligently training staff to protect against the risk of sexual assault and sexual harassment of students;

    c.   Negligently supervising the plaintiff while she was a student entrusted to Defendant SOLEBURY SCHOOL's care and supervision, and while defendants were standing *in loco parentis* to plaintiff;

    d.   Failing to exercise due care under all circumstances;

    e.   Failing to come to the aid or rescue of plaintiff, after placing her in a perilous situation, when they knew, or should have known, that plaintiff was being exposed to predatory trespassers who sexually assaulted and sexually harassed her, all of which was reasonably foreseeable;

    f.   Failure to warn plaintiff or otherwise make reasonably safe the property which Defendant SOLEBURY SCHOOL possessed and/or controlled;

    g.   Failing to take immediate and appropriate corrective actions to remedy the known harassment by Defendant REGAN;

    h.   Negligently supervising, retaining and/or hiring Defendant REGAN;

i.    Knowingly failing to establish an atmosphere throughout the school in which children and Plaintiff would feel safe, secure, and happy, and in addition, have maximum opportunity to learn;

j.    Failing to adopt, enforce, and/or follow any policies or procedures for the protection and reasonable supervision of students at their school;

k.    Failing to take any action in stopping or preventing the sexual assaults and/or abuse upon Plaintiff which took place on their premises;

l.    Negligently failing to adopt, enforce, and/or follow adequate polices and procedures as outlined in this complaint for the protection and reasonable supervision of children against adult teachers/employees with known dangerous propensities;

m.    Failing to implement and comply with such procedures which had been adopted and/or assumed;

n.    Negligently failing to train employees so as to protect children against sexual abuse;

o.    Failing to train employees in the need to develop adequate policies for the safety of children including the implementation of clear and strict guidelines for interactions between teachers and students;

p.    Failing to develop policies and procedures for the reporting to child protection and/or law enforcement of inappropriate and illegal sexual conduct within the organization;

q.    Failing to develop adequate policies and procedures to protect youths and plaintiff against sexual abuse;

r.    Breaching the duties imposed by Restatement (Second) of Agency, § 313 and 219(2);

s.    Breaching the duties imposed by Restatement (Second) of Torts, §§ 302B, 314, 315, 317, 321, 323, 324A, 343, 344 and 371;

t.    Violating mandatory reporting laws, including Pennsylvania's Child Protective Services Law, 23 § 6311(a) and (b), constituting negligence *per se;*

u.   Failing to report Defendant REGAN's harmful acts to authorities; and

v.   Ratifying the improper sexual acts of defendants REGAN.

46.     By tolerating the sexual misconduct of Defendant REGAN, Defendant

SOLEBURY SCHOOL, its agents, servants, and/or employees have completely violated

the sacrosanct relationship of trust and affirmative obligations by placing its students,

including Plaintiff, in danger of harm and being sexually assaulted by Defendant

REGAN.

47.     Defendant SOLEBURY SCHOOL breached its duties and was otherwise

negligent, reckless, and/or willful and wanton, resulting in harm and injury to Plaintiff

described herein.

48.     As a direct and proximate result of SOLEBURY SCHOOL's negligent, reckless,

and willful and wanton conduct, Plaintiff sustained in the past and will sustain in the

future physical injury, pain and suffering, serious and sever psychological and emotional

distress, mental anguish, embarrassment, and humiliation.

49.     Punitive damages are justified in cases like this to both punish the wrongdoers

and to hold them out as examples to the rest of the community such that Defendants and

others that may be similarly situated are clearly and explicitly discouraged from engaging

in these kinds of grossly deviant behaviors in the future. Plaintiffs seek the imposition of

punitive damages against these defendants and all defendants in this and every count of

this complaint.

50.     The amount of damages sought exceeds the jurisdiction of all lower courts which

would otherwise have jurisdiction.

**AND AS FOR A SECOND CAUSE OF ACTION**
**FOR NEGLIGENT, RECKLESS, WILLFUL & WANTON**
**TRAINING, SUPERVISION AND RETENTION**
**PLAINTIFF v. SOLEBURY SCHOOL**

51.     Plaintiff incorporates by reference the above and below allegations of this

Complaint as though fully set forth herein.

52.     Defendant SOLEBURY SCHOOL, as the employer or principal or principal of

Defendant REGAN, owed a duty to use reasonable care in his employment, training,

supervision, and retention.

53.     Specifically, Defednat SOLEBURY SCHOOL owed a duty to use reasonable care

to correct or remove DEFENDANT REGAN upon its knowledge of his assaultive

behavior upon students.

54.     Additionally, Defendant SOLEBURY SCHOOL owed a duty to conduct an

investigation upon knowing of allegations of Defendant REGAN's assaultive, harassing,

aberrant behavior towards students.

55.     Defendant SOLEBURY SCHOOL failed to act and therefore enabled Defendant

REGAN to continually sexually assault Plaintiff.

56.     It is reasonably foreseeable to Defendant SOLEBURY SCHOOL that students,

including Plaintiff, would be harmed or continue to be harmed as a result of its breach of

said duties.

57.     Defendant SOLEBURY SCHOOL failed to use reasonable care in supervising and

retaining Defendant REGAN after actually knowing or when it should have known of his

assaultive, harassing, and aberrant behavior towards women.

58.     Defendant SOLEBURY SCHOOL, their agents, servants, and/or employees continued to grant REGAN privileges despite this knowledge.

59.     Defendant SOLEBURY SCHOOL further failed to appropriately supervise Defendant REGAN by failing to report known misconduct committed by him to law enforcement authorities.

60.     Defendant SOLEBURY SCHOOL allowed Defendant REGAN to continue to work as a teacher upon the premises after he sexually assaulted Plaintiff.

61.     By negligently, recklessly, willfully and/or wantonly failing to supervise and retaining Defendant REGAN, Defendant SOLEBURY SCHOOL, its agents, servants, and/or employees have completely violated the sacrosanct relationship of trust by placing their students, including Plaintiff, in danger of harm and being sexually assaulted by Defendant REGAN.

62.     Defendant SOLEBURY SCHOOL's actions in negligently, recklessly, willfully and/or wantonly failing to supervise and retaining Defendant REGAN constitute intentional, extremely malicious, evil and outrageous conduct.

63.     Defendant SOLEBURY SCHOOL acted and/or failed to act recklessly, willfully and wantonly and with deliberate indifference to the risk of harm to Plaintiff.

64.     As a direct and proximate result of SOLEBURY SCHOOL's negligent, reckless, and willful and wanton conduct, Plaintiff sustained in the past and will sustain in the future physical injury, pain and suffering, serious and sever psychological and emotional distress, mental anguish, embarrassment, and humiliation.

65.    Punitive damages are justified in cases like this to both punish the wrongdoers

and to hold them out as examples to the rest of the community such that Defendants and

others that may be similarly situated are clearly and explicitly discouraged from engaging

in these kinds of grossly deviant behaviors in the future. Plaintiffs seek the imposition of

punitive damages against these defendants and all defendants in this and every count of

this complaint.

66.    The amount of damages sought exceeds the jurisdiction of all lower courts which

would otherwise have jurisdiction.

**AND AS FOR A THIRD CAUSE OF ACTION**
**FOR ASSAULT & SEXUAL ASSAULT**
**PLAINTIFF v. ALL DEFENDANTS**

67.    Plaintiff incorporates by reference the above and below allegations of this

Complaint as though fully set forth herein.

68.    Defendants JOHN WARD REGAN and SOLEBURY SCHOOL owed a duty not

to assault, sexually assault, and/or permit the sexual assault of Plaintiff.

69.    Defendant REGAN intentionally placed Plaintiffs JANE DOE 1, JANE DOE 2

and JANE DOE 3 in fear of imminent harmful or offensive contact, as outlined above.

70.    Defendant REGAN assaulted, sexually assaulted, and/or sexually harassed

Plaintiff on the premises of SOLEBURY SCHOOL and elsewhere, including in New

York, NY.

71.    Specifically, beginning in 1990 and on multiple occasions, REGAN sexually

assaulted and/or assaulted Plaintiff by kissing her, groping her breasts and buttocks, and

engaging in oral sex and sexual intercourse with the Plaintiff, all without consent, in violation of New York Penal Laws, as outlined above.

72.     As a direct and proximate result of the Defendant REGAN's assaults and sexual assaults, for which Defendant SOLEBURY SCHOOL is liable for its own negligence and also vicariously liable, Plaintiff sustained in the past and will sustain in the future physical injury, pain and suffering, serious and sever psychological trauma and emotional distress, mental anguish, embarrassment, and humiliation.

73.     Defendant REGAN's sexual assaults of Plaintiff, as set forth herein, constitute intentional, malicious, wanton, reckless and outrageous conduct.

74.     Such grossly reckless conduct is motivated by self-seeking, self-interest, deliberate indifference, deviant sexual desire, and is the product of a malicious mind such that the imposition of punitive damages is warranted against the Defendants.

75.     Punitive damages are justified in cases like this to both punish the wrongdoers and to hold them out as examples to the rest of the community such that Defendants and others that may be similarly situated are clearly and explicitly discouraged from engaging in these kinds of grossly deviant behaviors in the future.

76.     Defendant SOLEBURY SCHOOL is vicariously liable for Defendant REGAN's acts of sexual assault for the reasons outlined below and above and pursuant to Pa.C.S.A. § 8542(b)(9) and Restatement of Agency § 213 and § 219(2).

77.     Defendant SOLEBURY SCHOOL is also liable for the assaults and sexual assaults of Plaintiff as a result of its own actions and inaction.

78.    Defendant SOLEBURY SCHOOL enabled REGAN to continue to sexually assault Plaintiff instead of terminating him and reporting him to the criminal and licensing authorities.

79.    Defendant SOLEBURY SCHOOL ignored the known and suspected sexually assaultive actions of Defendant REGAN.

80.    Defendant SOLEBURY SCHOOL, their agents, servants, and/or employees had knowledge of REGAN's sexually assaultive actions and chose to do nothing to protect its female students, including Plaintiff, from being sexually assaulted by REGAN.

81.    As a direct and proximate result of SOLEBURY SCHOOL's conduct, Plaintiff sustained in the past and will sustain in the future physical injury, pain and suffering, serious and severe psychological and emotional distress, mental anguish, embarrassment, and humiliation.

82.    As a result of Defendant SOLEBURY SCHOOL's gross indifference, willful and wanton lack of regard for the safety and well-being of its female students, Plaintiff was harmed and injured as outlined above.

83.    Punitive damages are justified in cases like this to both punish the wrongdoers and to hold them out as examples to the rest of the community such that Defendants and others that may be similarly situated are clearly and explicitly discouraged from engaging in these kinds of grossly deviant behaviors in the future. Plaintiffs seek the imposition of punitive damages against these defendants and all defendants in this and every count of this complaint.

Case 1:21-cv-06792-LLS Document 34-3 Filed 01/28/22 Page 22 of 27

84.     The amount of damages sought exceeds the jurisdiction of all lower courts which

would otherwise have jurisdiction.

**AND AS FOR A FOURTH CAUSE OF ACTION
FOR BATTERY
PLAINTIFF v. ALL DEFNDANTS**

85.     Plaintiff incorporates by reference the above and below allegations of this

Complaint as though fully set forth herein.

86.     On multiple occasions, described particularly above, Defendant REGAN

intentionally engaged in offensive, harmful, and wrongful bodily contact of Plaintiff

without Plaintiff's consent, in a continual course of conduct for no legitimate purpose.

87.     As a direct and proximate result of the Defendant REGAN's acts of battery, for

which Defendant SOLEBURY SCHOOL is vicariously liable, Plaintiff sustained in the

past and will sustain in the future physical injury, pain and suffering, serious and sever

psychological trauma and emotional distress, mental anguish, embarrassment, and

humiliation.

88.     Defendant REGAN's acts of battery upon of Plaintiff, as set forth herein,

constitute intentional, malicious, wanton, reckless, and outrageous conduct.

89.     Such grossly reckless conduct is motivated by self-seeking, self-interest,

deliberate indifference, deviant sexual desire, and is the product of a malicious mind such

that the imposition of punitive damages is warranted against the Defendants.

90.     Punitive damages are justified in cases like this to both punish the wrongdoers

and to hold them out as examples to the rest of the community such that Defendants and

Case 1:21-cv-06792-LLS   Document 34-3   Filed 01/28/22   Page 23 of 27

others that may be similarly situated are clearly and explicitly discouraged from engaging in these kinds of grossly deviant behaviors in the future.

91.     Defendant SOLEBURY SCHOOL is vicariously liable for Defendant REGAN's acts of sexual battery for the reasons outline below and above.

92.     Defendant SOLEBURY SCHOOL is also liable for the sexual battery of Plaintiff as a result of its own actions and inaction.

93.     Defendant SOLEBURY SCHOOL enabled REGAN to continue to sexually batter Plaintiff instead of terminating him and reporting him to the criminal and licensing authorities.

94.     Defendant SOLEBURY SCHOOL ignored the known and suspected acts of battery of Defendant REGAN.

95.     Defendant SOLEBURY SCHOOL, their agents, servants, and/or employees had knowledge of REGAN's acts of battery and chose to do nothing to protect its female students, including Plaintiff, from being sexually battered by REGAN.

96.     As a direct and proximate result of SOLEBURY SCHOOL's conduct, Plaintiff sustained in the past and will sustain in the future physical injury, pain and suffering, serious and sever psychological and emotional distress, mental anguish, embarrassment, and humiliation.

97.     As a result of Defendant SOLEBURY SCHOOL's gross indifference, willful and wanton lack of regard for the safety and well-being of its female students, Plaintiff was harmed and injured as outlined above.

98.     Punitive damages are justified in cases like this to both punish the wrongdoers and to hold them out as examples to the rest of the community such that Defendants and others that may be similarly situated are clearly and explicitly discouraged from engaging in these kinds of grossly deviant behaviors in the future. Plaintiffs seek the imposition of punitive damages against these defendants and all defendants in this and every count of this complaint.

99.     The amount of damages sought exceeds the jurisdiction of all lower courts which would otherwise have jurisdiction.

### AND AS FOR A FIFTH CAUSE OF ACTION
### FOR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
### PLAINTIFF v. ALL DEFENDANTS

100.     Plaintiff incorporates by reference the above and below allegations of this Complaint as though fully set forth herein.

101.     Defendants REGAN and SOLEBURY SCHOOL owed a duty to Plaintiff not to cause emotional distress to students in the educational environment.

102.     Defendant REGAN was negligent in performing non-consensual sexual acts on Plaintiff.

103.     DEFENDANT SOLEBURY SCHOOL is vicariously liable for REGAN's negligence and for its own negligence in allowed Defendant REGAN to perform non-consensual sexual acts on Plaintiff.

104.     As a direct and proximate result of SOLEBURY SCHOOL's negligent, reckless, and willful and wanton conduct, Plaintiff sustained in the past and will sustain in the

future physical injury, pain and suffering, serious and sever psychological and emotional distress, mental anguish, embarrassment, and humiliation.

105.    Punitive damages are justified in cases like this to both punish the wrongdoers and to hold them out as examples to the rest of the community such that Defendants and others that may be similarly situated are clearly and explicitly discouraged from engaging in these kinds of grossly deviant behaviors in the future. Plaintiffs seek the imposition of punitive damages against these defendants and all defendants in this and every count of this complaint.

106.    The amount of damages sought exceeds the jurisdiction of all lower courts which would otherwise have jurisdiction.

### AND AS FOR A SIXTH CAUSE OF ACTION
### FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### PLAINTIFF v. ALL DEFENDANTS

107.    Plaintiff incorporates by reference the above and below allegations of this Complaint as though fully set forth herein.

108.    Defendant REGAN acted intentionally and with the intention to cause severe emotional distress to Plaintiff.

109.    Defendant REGAN acted in a manner so shocking and outrageous that it exceeds all reasonable bounds of decency for the reasons described above and below.

110.    Defendant SOLEBURY SCHOOL acted in a manner that was likewise intentional, reckless, willful, shameful, and in abject, wanton, and total disregard to the serious harm inflicted upon Plaintiff through its complicity in allowing, enabling and

Case 1:21-cv-06792-LLS   Document 34-3   Filed 01/28/22   Page 26 of 27

permitting Defendant REGAN to perform non-consensual, criminal sexual acts upon Plaintiff.

111.    As a direct and proximate result of SOLEBURY SCHOOL's negligent, reckless, and willful and wanton conduct, Plaintiff sustained in the past and will sustain in the future physical injury, pain and suffering, serious and sever psychological and emotional distress, mental anguish, embarrassment, and humiliation.

112.    Punitive damages are justified in cases like this to both punish the wrongdoers and to hold them out as examples to the rest of the community such that Defendants and others that may be similarly situated are clearly and explicitly discouraged from engaging in these kinds of grossly deviant behaviors in the future. Plaintiffs seek the imposition of punitive damages against these defendants and all defendants in this and every count of this complaint.

113.    The amount of damages sought exceeds the jurisdiction of all lower courts which would otherwise have jurisdiction.

Respectfully submitted,

**SOLOFF & ZERVANOS, P.C.**

JEFFREY P. FRITZ, ESQUIRE
Attorneys for Plaintiff, JANE DOE

DATE:  August 11, 2021

## VERIFICATION

STATE OF NEW YORK       :

                                       :      SS.

COUNTY OF NEW YORK     :

        JEFFREY P. FRITZ, being duly sworn, deposes and says that deponent is the attorney for the Plaintiff in the within action; that deponent has read the foregoing Complaint and knows the contents thereof; that the same is true to deponent's own knowledge, except as to the matters therein stated to be alleged on information and belief, and that as to those matters deponent believes it to be true.

        This verification is made by deponent instead of the plaintiff because the plaintiff is not within the county where deponent maintains his offices.

        Further, this verification is made by deponent and not by the plaintiff in order to protect plaintiff's identity under NY Civil Rights Law § 50-b.

        As to those matters alleged upon information and belief, the source of deponent's information and the grounds for deponent's belief are investigative materials and records contained in deponent's file.

                                         _____

                                         JEFFREY P. FRITZ

DATE: August 11, 2021