ORIGINAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JANE DOE,

                Plaintiff,

- against -

SOLEBURY SCHOOL, JOHN WARD REGAN, and JOHN & JANE SMITH 1-20 (FICTIONS PERSONS AND/OR ENTITIES),

                Defendants.

21 Civ. 06792 (LLS)

OPINION & ORDER

    Defendant Solebury School moves pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(6) to dismiss plaintiff's claims against it for negligent, reckless, and willful and wanton conduct and negligent and intentional infliction of emotional distress, and for vicarious liability for the sexual assaults, battery, and negligent infliction of emotion distress committed by defendant John W. Regan, an employee at the Solebury School at the time the alleged tortious conduct took place.

    For the reasons sets forth below, defendant's motion is denied in part and granted in part.

## BACKGROUND

    The following facts are drawn from the complaint and the plaintiff's affidavits and supporting materials.[1]

    Plaintiff Jane Doe began her tenure as a student at the

---

[1] "When deciding a motion to dismiss for lack of personal jurisdiction, courts may rely on pleadings and affidavits, in which case the plaintiff need only make a prima facie showing that the court possesses personal jurisdiction over the defendant." Schansman v. Sberbank of Russia PJSC, No. 19 CV 2985 (ALC), 2021 WL 4482172, at *2 (S.D.N.Y. Sept. 30, 2021)(citing DiStefano v. Carozzi North America, Inc., 286 F.3d 81, 84 (2d Cir. 2001))(internal quotation marks omitted).

-1-

Solebury School during the 1989-1990 academic year. Compl. ¶ 23. She was fourteen years old at the time and entering her sophomore year. Id.

Defendant Solebury School is a private educational institution with its main campus in New Hope, Pennsylvania. Id. ¶ 2. Defendant Regan was employed as a teacher at the school from 1989-1991. Id. ¶ 3. Defendant Regan was also a "dormitory parent" and resided on-campus at the student dormitory to monitor students' behavior and conduct inside the residence. Id. ¶ 6.

When plaintiff began her sophomore year at the school, defendant Regan was her English teacher. Id. ¶ 23. Regan flirted with plaintiff during his class. Id. He escalated his flirtatious conduct at the Solebury School sponsored prom in 1990 aboard the Spirit of Philadelphia, where he groped plaintiff's buttocks. Id. ¶ 24. That summer, when plaintiff was 15 years old, she visited defendant Regan at his home in New York, where he kissed plaintiff, touched her breasts, and engaged in oral sex with plaintiff. Id. ¶ 25.

During plaintiff's junior year at Solebury School, Regan's sexual abuse continued. Id. ¶ 26. He engaged in sexual conduct with plaintiff on the School's campus during and after school hours. Id. Nearly every day before she was picked up from school by her mother, Regan brought plaintiff to his on-campus apartment and engaged in sexual conduct with her, including

-2-

kissing and fondling. Id.

During the winter of 1990, plaintiff again visited Regan in New York City, where he had sexual intercourse with her. Id. ¶ 27. The sexual conduct continued during the spring and summer of 1991, in Regan's apartment on the School's campus. Id. ¶¶ 29, 31. Solebury Assistant Headmaster Geoffrey Tilden allegedly witnessed Plaintiff and Regan going into Regan's apartment together, but took no action. Id. ¶ 31.

At some point in the spring of 1991, plaintiff's mother began to suspect a sexual relationship between plaintiff and Regan and brought her concern to the attention of Solebury School Headmaster John Brown. Id. ¶ 30. Mr. Brown did not report the complaint to police, nor did he initiate an investigation into the reported abuse. Id.

In the fall of 1991, when Plaintiff was seventeen (17) years old, she attended classes at New York University ("NYU") in New York City while still a student of Solebury School, under an arrangement between plaintiff, Solebury School and NYU. Id. ¶ 32; Zervanos Affidavit, Dkt. No. 21, Ex. B., at ¶ 3. During this time, Regan continued to engage in sexual conduct with plaintiff at his mother's home in Long Island, New York. Id. ¶ 32. Plaintiff did not expressly acquiesce in defendant's sexual touching. Id. ¶ 33.

In the spring of 1992, plaintiff began experiencing severe mental and emotional distress, developed an eating disorder, and

-3-

was unable to complete her second semester of high school at NYU. Id. ¶ 35. Solebury School still permitted her to graduate. Id. The sexual conduct between plaintiff and defendant Regan continued after her graduation, and in 1993, Plaintiff and her mother attended a meeting with Solebury School Headmaster John Brown, during which plaintiff disclosed the sexual abuse committed by Regan. Id. ¶ 37. In response, Brown offered Plaintiff's mother a position on the school's Board of Directors, but did not report the claims to law enforcement or initiate an investigation into the allegations of sexual abuse of a minor by a teacher. Id.

## DISCUSSION

Solebury School moves for dismissal of plaintiff's claims against it for lack of personal jurisdiction.

### 1. Personal Jurisdiction

There is no dispute that defendant Solebury school operates out of and maintains its offices and principal place of business in Pennsylvania, and it is therefore not "at home" in New York such that general jurisdiction can be conferred in this forum.

The question therefore is whether jurisdiction is proper under New York's long-arm statute. N.Y. C.P.L.R. § 302(a) provides:

> (a) Acts which are the basis of jurisdiction. As to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any non-domiciliary, or his executor or administrator, who in person or through an agent:

-4-

> 1. transacts any business within the state or contracts anywhere to supply goods or services in the state; or
>
> 2. commits a tortious act within the state, except as to a cause of action for defamation of character arising from the act; or
>
> 3. commits a tortious act without the state causing injury to person or property within the state, except as to a cause of action for defamation of character arising from the act, if he
>
> (i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or
>
> (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce; or
>
> 4. owns, uses or possesses any real property situated within the state.

While Solebury School does appear to transact at least some business within New York (placing sponsored advertisements in New York and soliciting students and faculty from New York), plaintiff's claims do not arise out of those transactions, and plaintiff does not adequately show that that business is regular, persistent, or that it brings substantial revenue to the School. Therefore, jurisdiction is not proper under Sections 302(a)(1) or (302)(a)(3).

Plaintiff does, however, plausibly allege jurisdiction pursuant to Section 302(a)(2).

Plaintiff's first claim against the School alleges, in part, that defendant negligently failed to supervise plaintiff while she was a seventeen year old student entrusted to the school's care and supervision during her time studying at NYU

-5-

under an agreement between the Solebury School and NYU. See Compl. ¶ 32, 45, Based on that claim, a portion of the School's tortious conduct occurred within the state, and therefore the Court may exercise jurisdiction over plaintiff's first claim against the defendant pursuant to Section 302(a)(2).

The Court exercises jurisdiction over defendant for the remainder of plaintiff's claims under the doctrine of pendent personal jurisdiction. That doctrine provides that "where a federal statute authorizes nationwide service of process, and the federal and state-law claims derive from a common nucleus of operative fact, the district court may assert personal jurisdiction over the parties to the related state-law claims even if personal jurisdiction is not otherwise available." Charles Schwab Corp. v. Bank of Am. Corp., 883 F.3d 68, 88 (2d Cir. 2018) (quoting IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1056 (2d Cir. 1993)).

While the traditional application of pendent personal jurisdiction applies when the anchor claim is federal and the pendent claim is a state law claim, the Second Circuit has endorsed extending the doctrine to instances where both the anchor and pendent claims are state law claims. N. Fork Partners Inv. Holdings, LLC v. Bracken, No. 20-CV-2444 (LJL), 2020 WL 6899486, at *12 (S.D.N.Y. Nov. 23, 2020); see also Hanly v. Powell Goldstein, L.L.P., 290 F. App'x 435, 438 (2d Cir. 2008) ("We have held that once a defendant properly is brought

before a district court on a claim covered by Section 302(a)(3), the court may entertain claims that are not expressly covered by the long-arm statute, so long as they derive from the same nucleus of operative fact as claims that are."). "The determination to exercise pendent jurisdiction is an act of discretion." Gen. Star Indemn. Co. v. Anheuser-Busch Cos., Inc., 199 F.3d 1322, 1999 WL 1024708, at *2 (2d Cir. 1999) (summary order).

Here, the facts underlying the remaining claims are all derived from the same "common nucleus of operative fact", namely, the sexual abuse committed by defendant Regan and the School's knowledge of and involvement in defendant Regan's commission of such abuse, and therefore, the Court exercises its discretion to hear the remaining claims.

### 2. **Failure to State a Claim**

1) Vicarious Liability

Claims three through five attempt to hold defendant Solebury School vicariously liable for defendant Regan's tortious conduct.

Under New York law, although an employee's tortious acts are imputable to the employer if "done while the servant was doing his master's work, no matter how irregularly, or with what disregard of instructions," Riviello v. Waldron, 47 N.Y.2d 297, 302, 418 N.Y.S.2d 300, 391 N.E.2d 1278 (1979) (internal quotation marks omitted), an employer "is not liable for torts

-7-

committed by the employee for personal motives unrelated to the furtherance of the employer's business." Swarna v. Al-Awadi, 622 F.3d 123, 144 (2d Cir. 2010); see also Girden v. Sandals Int'l, 262 F.3d 195, 205-06 (2d Cir. 2001)("[A]n employer is responsible for an employee's intentional tort only when the employee was acting within the scope of his or her employment when he or she committed the tort.").

> Determining whether an employee was acting within the scope of his or her employment generally "requires a fact-intensive inquiry;" however, the determination "can be made as a matter of law in some instances," and, "[i]n many New York cases, courts have held as a matter of law that an employer was not responsible for a sexual assault committed by an employee because the attack was outside the scope of the employee's duties." Indeed, New York courts regularly conclude, as a matter of law, that employers are not vicariously liable for sexual assaults by their employees. See, e.g., Swarna v. Al-Awadi, 622 F.3d 123, 144-45 (2d Cir. 2010) ("New York courts consistently have held that sexual misconduct and related tortious behavior arise from personal motives and do not further an employer's business, even when committed within the employment context.") (quoting Ross v. Mitsui Fudosan, Inc., 2 F. Supp. 2d 522, 531 (S.D.N.Y. 1998))); Doe v. Alsaud, 12 F. Supp. 3d 674, 677 (S.D.N.Y. 2014) (granting defendants' motion to dismiss plaintiff's vicarious liability claim, explaining that "[n]o decision in New York ha[d] been cited to date in which the doctrine of respondeat superior was held to apply to sexual assault," and collecting cases declining to impose vicarious liability); Doe v. City of New York, No. 09-CV-09895, 2013 WL 796014, at *4 (S.D.N.Y. Mar. 4, 2013) (noting "[a]s a matter of law sexual misconduct cannot give rise to vicarious liability," and granting defendants' motion to dismiss plaintiff's vicarious liability claim premised on a defendant officer's rape and sexual assault of plaintiff), aff'd, 558 F. App'x 75 (2d Cir. 2014); Benacquista v. Spratt, 217 F. Supp. 3d 588, 604 (N.D.N.Y. 2016) (acknowledging a "de facto bar to vicarious liability in sexual assault cases").

PC-41 Doe v. Poly Prep Country Day Sch., 2021 WL 4310891, at *2 (E.D.N.Y. Sept. 22, 2021)(alterations in original).

This case is not an exception. Although plaintiff alleges

that Solebury School was aware of – and in some cases tolerated or covered up – Regan's sexual abuse, the Complaint, like those in the other cases detailed above, does not, and could not, plausibly allege that Regan's assaults furthered the School's business in any way.

Therefore, counts three through five alleging vicarious liability against Solebury School are dismissed.

2) Direct Liability

Plaintiff also brings four claims against the School directly for (1) negligence, recklessness, willful and wanton conduct; (2) negligent, reckless, willful and wanton training, supervision and retention; (3) negligent infliction of emotional distress ("NIED") and; (4) intentional infliction of emotional distress ("IIED").

Defendant moves to dismiss the IIED claim for failure to allege extreme and outrageous conduct and as duplicative of the negligence claims. It does not seek to dismiss the first three claims listed under 12(b)(6).

Plaintiff's IIED claim is duplicative of its negligence, recklessness and wanton and willful conduct claims, detailed above, see Deutsche Bank Nat. Tr. Co. v. Quicken Loans Inc., 810 F.3d 861, 869 (2d Cir. 2015) ("Under New York law, claims are duplicative when both arise from the same facts and seek the identical damages for each alleged breach.") (quotation marks omitted), and is therefore dismissed.

-9-

## CONCLUSION

Defendant's motion is granted as to Counts Three, Four, Five (as to vicarious liability for NIED) and Six, and those counts are dismissed with prejudice and without leave to amend, as amendment would be futile.

Defendant's motion to dismiss is denied as to Counts One, Two and Five (as to direct liability for negligence, recklessness, wanton and willful conduct, negligent, reckless, wanton and willful supervision and retention, and negligent infliction of emotional distress).

So Ordered.

Dated:   New York, New York
         May 11, 2022

                                        *Louis L. Stanton*
                                        Louis L. Stanton
                                        U.S.D.J.